## McCLURE v. MURPHEY.

PRINCIPAL AND AGENT—AUTHORITY—QUESTION FOR JURY.
> The question whether there was such a holding out of defendant's brother as his agent as would render the defendant liable on the brother's contract of hiring, *held* to be a question of fact for the jury, under the evidence, and not one of law for the court.

Error to Alpena; Kelley, J. Submitted November 13, 1900. Decided March 26, 1901.

*Assumpsit* by James McClure against Peter J. Murphey for work and labor. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Charles D'Aigle*, for appellant.

*L. G. Dafoe*, for appellee.

MONTGOMERY, C. J. The plaintiff sued to recover for services rendered on a farm owned by defendant, and for meals furnished to men who from time to time performed labor on the farm. The defendant's testimony was to the effect that he had contracted with his brother, John J. Murphey, to clear certain land on the farm and to cut hay on shares, and that he, and not defendant, employed the plaintiff.

The testimony of defendant is that the team used on the farm belonged jointly to defendant and John J. Murphey. John J. Murphey testifies that defendant's interest in the team was represented by a chattel mortgage. Both agree that John J. had no authority to employ plaintiff to work for the defendant.

The plaintiff testified that, on the morning he started out from John J.'s premises to go to the farm, John J.

told him that he and defendant had two or three farms, and made a bargain with him to do the work in question; that, while still at the barn on John J.'s premises, the defendant gave him money to have repairs made to the harness, and gave John J. a dollar to buy seed corn.

The circuit judge was evidently of the opinion that the evidence conclusively showed such a holding out by defendant of John J. as his agent that defendant was bound by the employment. We think, however, that the question was one for the jury. The inference to be drawn from defendant's acts was an inference of fact, and not of law. We regret the necessity of reversing the judgment in this case, as it seems probable that the correct result was reached; but we are constrained to hold that there was a question for the jury.

Judgment reversed, and new trial ordered.

The other Justices concurred.